11-629-ag
Chen v. Holder

BIA
A096 790 332

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of January, two thousand twelve.

PRESENT:
        PIERRE N. LEVAL,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
           *Circuit Judges.*

_____

JIE CHEN,
      *Petitioner,*

      v.                    11-629-ag
                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Dehai Zhang, Flushing, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Sarone Solomon, Legal Intern, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jie Chen, a native and citizen of the People's Republic of China, seeks review of a January 21, 2011, decision of the BIA denying her motion to reopen her removal proceedings. *In re Jie Chen*, No. A096 790 332 (B.I.A. Jan. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's motion to reopen, filed in April 2010, was untimely because the BIA issued a final order of removal in August 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Chen contends, however, that a crackdown on democracy activists in China and the Chinese government's awareness of

2

her Chinese Democracy Party ("CDP") activities in the United States constitutes changed circumstances, excusing the untimeliness of her motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). As the BIA reasonably noted, however, Chen failed to show changed country conditions with respect to the Chinese government's treatment of democracy activists because the evidence submitted during Chen's original hearing showed that China's crackdown against its political opponents and persecution of CDP members was continuing. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-,* 24 I. & N. Dec. 247, 253 (B.I.A. 2007). Moreover, the BIA reasonably determined that Chen failed to offer any material evidence in support of her claim of changed country conditions because, as the BIA noted, Chen did "not submit[] any new evidence or argument sufficient to overcome the prior adverse credibility determination." *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam).

Although Chen argues that the BIA ignored her summons, fathers' letters, and siblings' affidavits, the record does not compellingly suggest that the BIA failed to consider any evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 159 (2d Cir. 2008). Indeed, the BIA explicitly considered

3

Chen's evidence, and reasonably noted that Chen's father's letters and siblings' affidavits were from interested witnesses not subject to cross examination, and that Chen's summons was not authenticated and failed to indicate any awareness by Chinese officials of her presence in the United States. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Further, the BIA reasonably relied on the prior adverse credibility determination in declining to credit Chen's evidence. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

Because the BIA reasonably concluded that Chen did not demonstrate a material change in country conditions in China, it did not abuse its discretion by denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii). Because the motion was untimely, we decline to address Chen's claim that she established her *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk